UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEMO USA CORPORATION et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JAKE'S CRANE, RIGGING & TRANSPORT INTERNATIONAL INC., et al.,<br><br>Defendants. | 2:08-CV-745 JCM (PAL) |

**ORDER**

Presently before the court is defendant Jake's Crane, Rigging & Transport International, Inc.'s motion to stay execution on judgment. (Doc. #54). Plaintiff Bemo USA Corporation responded (doc. #55), and defendant replied (doc. #57).

On June 29, 2009, the parties entered into a stipulation (doc. #28) as to defendant's liability, leaving only the issue of damages for trial. Plaintiff Bemo then filed a motion for summary judgment (doc. #33), which this court granted, awarding Bemo a judgment in the amount of $2,996,661.00 (doc. #46). On July 30, 2010, the defendant filed notice of appeal (doc. #48), and on August 3, 2010, plaintiff filed a motion for judgment debtor examination (doc. #49). The defendant now requests that the court stay the proceedings pending appeal without requiring a supersedeas bond. Alternatively, defendant requests that it be allowed to post $1,000,000.00 in lieu of the full judgment amount of $2,996,661.00, if bond is required. Plaintiff responds that the court should either deny the motion or condition the stay on defendant's posting the full supersedeas bond.

**James C. Mahan**
**U.S. District Judge**

Federal courts sitting in diversity apply state substantive law and federal procedural law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). Thus, if a situation is covered by the Federal Rules of Civil Procedure, the court applies the federal rule. *Id.* at 471–72. The present dispute over the stay and supersedeas bond is governed by Federal Rule 62(d), which "is a purely procedural mechanism to preserve the status quo during a stay pending appeal of a district court decision and creates no choice of law concerns." *Bass v. 1st Pac. Networks, Inc.*, 219 F.3d 1052, 1055 (9th Cir. 2000).

To stay the execution of a judgment pending appeal, ordinarily the appellant must furnish a proper supersedeas bond. FED. R. CIV. P. 62(d); *see* FED. R. APP. P. 8(a)(1) (a party must ordinarily move first in the district court for a stay pending appeal and approval of the supersedeas bond). "The purpose of the supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). The bond should ordinarily include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay. *See id.* at 1191 (holding that Rule 62(d) is consistent with its predecessor, Civil Rule 73(d), which required a bond to include such elements).

However, an appellant may be entitled to a waiver of the bond requirement and a discretionary stay in extraordinary cases. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1367 (9th Cir. 1990). The burden is on the moving party to "objectively demonstrate the reasons for such a departure." *Poplar Grove*, 600 F.2d at 1191. Courts that have examined this question have held that a waiver should be granted only "if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery." *Cayuga Indian Nation of N.Y. v. Pataki*, 188 F. Supp. 2d 223, 254 (N.D. N.Y. 2002) (internal citations omitted). Upon waiving the full supersedeas requirement, courts "often require alternative security considerably in excess of the amount of the judgment." *Id.* at 255 (internal citations omitted); *see Int'l Telemeter Corp. v. Hamlin Intern. Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985) (holding that a district court may permit security other than a bond).

James C. Mahan
U.S. District Judge

1   Here, the defendant-appellant contends that it is unable to post the full, supersedeas bond and
2   requests that it be allowed to post $1,000,000.00 in lieu of the full judgment amount of
3   $2,996,661.00. The court rejects this proposal. First, the proposed $1,000,000.00 bond, which is
4   approximately one-third of the full judgment amount, does not serve as adequate substitute security.
5   *Cayuga,* 188 F. Supp. 2d at 255. Second, this proposed alternative does not fulfill the purpose of
6   Rule 62(d), in that it would not preserve the status quo and would not adequately protect the
7   plaintiff-appellee's rights on appeal. *Poplar Grove*, 600 F.2d at 1190–91. And finally, although the
8   defendant has submitted that posting the full bond would cause it to suffer an undue financial burden,
9   the defendant has not shown that a lesser amount would adequately protect plaintiff Bemo's interest
10  in ultimate recovery. *Cayuga,* 188 F. Supp. 2d at 254.

11  Accordingly,

12  IT IS HEREBY ORDERED, ADJUDGED AND DECREED that defendant's motion to stay
13  execution on judgment (doc. #54) is hereby GRANTED, conditioned upon defendant Jake's Crane,
14  Rigging & Transport International Inc. posting the full supersedeas bond in the amount of
15  $2,996,661.00.

16  DATED November 5, 2010.

_____
UNITED STATES DISTRICT JUDGE